

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 0:18-00557-MGL-11 |
| | § | |
| CRAVELYN SQUILLA DAVIS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO WITHDRAW GUILTY
PLEA AND PLEA AGREEMENT**

**I.  INTRODUCTION**

Pending before the Court is Defendant Cravelyn Squilla Davis's (Davis) motion to withdraw his guilty plea and plea agreement. Davis is represented by counsel. The Court exercises its discretion not to hold an evidentiary hearing on this motion. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) ("Nor does a defendant automatically get an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea.). Having carefully considered the Motion, the response, the record, and the applicable law, it is the judgment of the Court Davis's motion to withdraw his guilty plea and plea agreement will be denied.

**II.  PROCEDURAL HISTORY**

On June 5, 2018, the government filed a two-count indictment against Davis charging him with: 1) violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (collectively Drug Charges); and

2) violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii). On March 11, 2019, Davis entered into a plea agreement with the government agreeing to plead guilty to the Drug Charges. On March 13, 2019, the Court held a Rule 11 hearing with a complete guilty plea colloquy (Rule 11 Colloquy). After receiving the Pre-Sentence Report (PSR Report) in late June 2019, Davis filed his on August 22, 2019.

### III. STANDARD OF REVIEW

"There is no absolute right to withdraw a guilty plea." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). To prevail, a defendant "has the burden of showing a fair and just reason for withdrawal." *Id.*; *see also* Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence3 if . . . the defendant can show a fair and just reason for requesting the withdrawal."). "Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003).

> Courts must weigh six factors in determining whether a defendant meets his high burden:
>
> (1) whether the defendant has offered credible evidence that his pleas was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Under *Moore*, not all factors are given "equal weight," with the "first, second, and fourth" factor being given more weight. *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).

## IV. DISCUSSION AND ANALYSIS

The Court advised Davis of each of his rights during the Rule 11 Colloquy and Davis made a knowing and voluntary acceptance of guilt, thus constituting "an admission of all material facts alleged in the charge." *Bowman*, 348 F.3d at 414 (internal quotations omitted). Davis has failed to meet the subsequent high burden of showing that a withdrawal is merited in light of the colloquy. The Court will address each of the *Moore* factors below.

### A. *Knowing and Voluntary*

Davis, as the transcript of his Rule 11 Colloquy makes clear, agreed he understood the plea agreement and had an opportunity to review the agreement with his attorney. Plea Tr. 37-38. Further, he acknowledged at the hearing he understood the "nature of the charge . . . made against" him, as described by the government. Plea Tr. at 32-34. Most importantly, when asked if he committed the offense charged, he responded affirmatively. Plea Tr. at 40. This factor weighs significantly in favor of the government.

Davis asserts he believed "the US Sentencing Guidelines would treat the substance as methamphetamine, and *not* as 'ice,'" which would enhance his guideline range. This fails to undermine the knowing and voluntary nature of the guilty plea. *See United States v. Lambert*, 994 F.2d 1088, 1093 (4th Cir. 1993) (holding that a defendant was not entitled to withdraw a guilty plea where the sentencing guideline applies was harsher than that thought applicable at the time of the plea). At the Rule 11 Colloquy, Davis clearly made a knowing and voluntary decision to plead guilty to the Drug Charges. His current hesitancy at the proposed guideline sentencing range has no impact on the knowing and voluntary nature of his admissions about the crime itself. Therefore, this factor weighs in favor of the government and weighs heavily against overturning the guilty

3

plea and agreement. *See Sparks*, 67 F.3d at 1154 (stating that a finding for the government on factors one, two, and four weighs heavily in favor of denying a motion to withdraw a guilty plea).

    B.    *Credible Assertion of Legal Innocence*

Any argument by Davis on this issue seems to conflate an issue of innocence with sentencing enhancements and issues of evidentiary sufficiency. As discussed above, Defendant's belief the PSR Report "would treat the substance [serving as the basis for the Drug Charges] as methamphetamine, and *not* as 'ice,'" fails to negate his acceptance of the facts and Drug Charges as portrayed by the government at the Rule 11 Colloquy. *See* Plea Tr. 32-34. Further, Davis's contention that "the lack of telephone wire intercepts, surveillance photos/videos, and witness statements linking him to the alleged drug trafficking conspiracy," while highlighting the absence of certain types of potential evidence of guilty, fails to establish innocence.

These evidentiary arguments are incapable of undermining the fact he "admitted under oath that he" had committed the crime and "informed the court that he was pleading guilty because he was indeed guilty." *United States v. Nicholson*¸ 676 F.3d 376, 384 (4th Cir. 2012). If Davis had wished to challenge the evidence against him, he had ample opportunity to do so prior to the plea. His testimony under oath at the Rule 11 Colloquy negates any argument now that he was legally innocent. Accordingly, this factor clearly favors the government.

    C.    *Delay in Filing Motion*

Davis filed this motion almost two months after the filing of the PSR Report and over five months after his guilty plea before the Court. Davis's counsel has indicated scheduling conflicts and military obligations of counsel accounted for the delay in the timeliness of the filing of the motion. Motion at 2. Even if the Court credited this argument and concluded it weighed in favor

4

of Davis, it would be insufficient to overcome the other factors of the *Moore* test that counsel against granting the motion.

   D.   *Assistance of Competent Counsel*

Davis was assisted by competent counsel through his entire process and admitted he had an opportunity to review the plea agreement with his counsel prior to the Rule 11 Colloquy. Plea Tr. 37-38. There are no allegations Davis's counsel was insufficient in any manner. *See United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007) (stating counsel cannot fall below an objectively reasonable standard). Hence, this factor weighs in favor of the government.

   E.   *Prejudice to the government*

The government has cited to three reasons it would be prejudiced by the withdrawal of Davis's guilty plea: 1) Davis was not included in the superseding indictment filed against his co-defendants who had not pled, which would have included additional charges; 2) the government discontinued its rigorous additional investigation into Davis after the plea; and 3) no charges were filed against Davis's family members as a result of his plea agreement.

In the Court's opinion, only the government's second reason could serve as the basis for prejudice. There is nothing preventing the government from filing a superseding indictment with additional charges or indicting Davis's family members after the withdrawal of the plea. The government has represented that its position is prejudiced by the discontinuation of its investigation into Davis after his stated intention to enter a plea of guilty. While the government's claim that it was ready to file a superseding indictment against Davis reasons against a need for further investigation, even should the Court credit this, this factor would not be dispositive. To the extent the Court finds that this factor weighs in favor of the government, and the other factors

in favor of the government are sufficient on their own to deny the motion.  Alternatively, a finding for Davis on this element would be insufficient to overcome the other factors.

### F. *Prejudice to the Court*

This case was not scheduled to go to trial for another year.  As such, withdrawal of the guilty plea would not delay the Court's previously expected trial of Davis's co-defendants.  The Court is unconvinced by the government's argument that further hearings on other motions in this case would be a unnecessary burden on the Court's time.  This factor weighs in favor of Davis, but is insufficient to overcome the weightier factors the Court addressed above.

In sum, the Court concludes the factors outlined in *Moore*—especially factors one, two, and four—weigh against allowing Davis to withdraw his guilty plea.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Davis's motions to withdraw his guilty plea and plea agreement is **DENIED.**

**IT IS SO ORDERED.**

Signed this 17th day of September, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
