

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 0:18-00557-MGL-11 |
| | § | |
| CRAVELYN SQUILLA DAVIS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION**

Pending before the Court is Defendant Cravelyn Squilla Davis's (Davis) motion to reconsider the order denying his prior motion to withdraw his guilty plea and/or plea agreement. Davis is represented by excellent counsel. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Davis's motion for reconsideration will be denied.

**II.    PROCEDURAL HISTORY**

The government filed a two-count indictment against Davis charging him with: 1) violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (collectively Drug Charges); and 2) violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii). Davis entered into a plea agreement with the government agreeing to plead guilty to the Drug Charges. The

Court held a Rule 11 hearing with a complete guilty plea colloquy (Rule 11 Colloquy). The Court has not entered final judgment as of the date of this order.

After receiving the Pre-Sentence Report in late June 2019, Davis filed a motion to withdraw his guilty plea and/or plea agreement (original motion). The Court denied that motion on September 17, 2019. Davis filed this motion asking the Court to reconsider that order on September 19, 2019, and the government filed a response.

## III. STANDARD OF REVIEW

Although some circuits broadly allow for motions for reconsideration in criminal cases, *see United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper.") (internal quotes omitted), the Fourth Circuit has limited the propriety of trial court jurisdiction over motions to reconsider in criminal cases to before the entry of judgment. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985).

As the Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration, the Court will look to the rules governing civil cases as a guidepost. Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment within twenty-eight days of entry of that judgment. Fed. R. Civ. P. 59(e). Although the Court, as noted, has not entered judgment, the law interpreting Rule 59(e) is instructive here.

Utilizing Rule 59(e), the Fourth Circuit has found three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). To prevail on a motion for reconsideration based on new

evidence, the movant must demonstrate not only the "evidence was newly discovered or unknown to it until after the [motion]," but also that the party "could not with reasonable diligence have discovered and produced such evidence" in the original motion. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

## IV. DISCUSSION AND ANALYSIS

Preliminarily, Davis filed the motion for reconsideration within the twenty-eight-day period prescribed by Rule 59(e).

Davis presents no intervening change in controlling law nor any argument of clear error in the Court's ruling on his original motion. Instead, Davis presents a list of ten alleged ways he was "misled by the Government." Motion ¶1.

But, Davis has failed to show any of the purported misdeeds by the government were "newly discovered or unknown to [him] until after" he filed his original motion. *Id.* Further, he presents the allegations without any proof and many dispute factual allegations Davis previously agreed to during his Rule 11 Colloquy. *See* Plea Tr. at 39 ("THE COURT: . . . Sir, you understand when you plead guilty, you admit the truth of this charge against you? DEFENDANT DAVIS: Yes, ma'am."). None of the issues raised affect the analysis previously performed by the Court. Thus, the Court is unconvinced it should alter its ruling on the original motion.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Davis's motions for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Signed this 15th day of October, 2019, in Columbia, South Carolina.

                                              <u>s/ Mary Geiger Lewis</u>
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE